NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAMON SOLIS,                          :

        Petitioner,          :

                                      Civil Action No. 04-4983(JWB)

    v.                           :

                                       **O P I N I O N**

UNITED STATES OF AMERICA,            :

        Respondent.         :

**APPEARANCES**:

    THOMAS E. MOSELEY, ESQUIRE
    One Gateway Center, Suite 2600
    Newark, New Jersey  07102
    (Attorney for Petitioner)

    CHRISTOPHER J. CHRISTIE
    United States Attorney
    By:  Donna A. Krappa
        Assistant United States Attorney
    Federal Building
    970 Broad Street
    Newark, New Jersey  07101
    (Attorney for Respondent)

**BISSELL**, Chief Judge

    This matter comes before the Court on the Government's motion for reconsideration/clarification and for remand.

**FACTS AND BACKGROUND**

    This opinion will rely on the facts as presented in its February 28, 2005 Opinion.

    On October 13, 2004, Petitioner Ramon Solis ("Petitioner")

brought a petition for writ of habeas corpus. This Court held oral argument on the issue on October 20, 2004. At oral argument, this Court granted Petitioner's motion and ordered his release from custody. Thereafter, a written opinion was filed on February 28, 2005.

On March 12, 2005, the Government brought a motion for reconsideration/clarification of the Court's February 28, 2005 Opinion and for remand of the Petitioner's case to the Board of Immigration Appeals ("BIA").

## DISCUSSION

### I. Motion for Reconsideration Standard

A motion for reconsideration is governed by Local Civil Rule 7.1(i). It requires that the moving party "set forth concisely the matters or controlling decisions which counsel believes the [Court] has overlooked." Pittston Co. v. Sedgwick James of New York, Inc., 971 F. Supp. 915, 918-919 (D.N.J. 1997). Thus, a party "must show more than a disagreement with the court's decision." Panna v. Firstrust Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991).

A mere "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 709 (D.N.J. 1989). "Only where the court has overlooked matters that, if considered by the court,

might reasonably have resulted in a different conclusion, will it entertain such a motion." Re: United States v. Compaction Sys. Corp. et al., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## II. The Government's Motion

The Government agrees with the holding in this Court's February 28, 2005 Opinion that Petitioner had not been convicted of an "aggravated felony" within the meaning of Nugent v. Ashcroft, 367 F.3d 162 (3d Cir. 2004). See Def.'s Letter Br. at 3. However, the Government states that while "Solis is not an 'aggravated felon' under Nugent ... he is not 'home free.'" Id. According to the Government, Petitioner is inadmissible to this country because his crime is one involving moral turpitude. See id. Therefore, the Government contends that the correct procedure is for the Petitioner to "apply to the BIA for a waiver of inadmissibility or whatever relief his counsel deems appropriate under the circumstances of this case." Id. at 3-4. According to the Government, Petitioner "remains inadmissible and subject to removal." Id. at 4. For that reason, the Government argues that this Court should remand this case to the BIA for further proceedings that are consistent with this Court's February 28, 2005 Opinion. See id.

Through a telephone message to the chambers of the undersigned, on April 8, 2005, Thomas E. Moseley, Esq., Petitioner's counsel, advised that he did not oppose the

Government's request.

This Court agrees with its previous holding that the <u>Nugent</u> decision applies to Petitioner's case, and that Petitioner is not an "aggravated felon" under <u>Nugent</u>. Accordingly, the prior Order of Removal is null and void. However, particularly in light of Petitioner's consent, this Court will grant the Government's motion for remand so that the BIA may address the issue of Petitioner's inadmissability in reference to whether his crime is one involving moral turpitude. Therefore, the Government's motion is granted.

**CONCLUSION**

For the foregoing reasons, the Government's motion for remand of the Petitioner's case to the Board of Immigration Appeals for further proceedings that are consistent with this Court's February 28, 2005 Opinion is GRANTED.


_____
JOHN W. BISSELL
Chief Judge
United States District Court


DATED: August /√ , 2005

Government's request.

This Court agrees with its previous holding that the <u>Nugent</u> decision applies to Petitioner's case, and that Petitioner is not an "aggravated felon" under <u>Nugent</u>. Accordingly, the prior Order of Removal is null and void. However, particularly in light of Petitioner's consent, this Court will grant the Government's motion for remand so that the BIA may address the issue of Petitioner's inadmissability in reference to whether his crime is one involving moral turpitude. Therefore, the Government's motion is granted.

**CONCLUSION**

For the foregoing reasons, the Government's motion for remand of the Petitioner's case to the Board of Immigration Appeals for further proceedings that are consistent with this Court's February 28, 2005 Opinion is GRANTED.

_____
JOHN W. BISSELL
Chief Judge
United States District Court

DATED: August /√ , 2005